# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

JOE HENRY BANDY III,                       Civil No. 06-173 (JRT/SRN)

                 Plaintiff,

v.                                       **ORDER ON REPORT AND**
                                                **RECOMMENDATION**

ROBERT FENEIS, J. SOUTHWICK,
DENISE BARRGER, RALPH FLESHER,
DOUGLAS OLSON, and CALVIN
STENLUND,

                 Defendants.

---

Joseph H. Bandy, III, #125257, Minnesota Correctional Facility, 7525 Fourth Avenue, Lino Lakes, Minnesota 55014, *pro se* plaintiff.

Plaintiff Joe Henry Bandy III commenced this action by filing a complaint seeking relief for alleged violations of his constitutional rights by defendants. Plaintiff did not pay a filing fee but filed an application seeking leave to proceed in forma pauperis (IFP). In an order dated January 13, 2006, United States Magistrate Judge Susan Richard Nelson ordered plaintiff to file within 20 days of the date of the order an amended IFP application that satisfies the statutory requirements, and to pay the initial partial filing fee. Plaintiff did not comply with this order. Accordingly, in a Report and Recommendation dated March 13, 2006, the Magistrate Judge recommended that this

Court deny plaintiff's application to proceed without prepayment of fees, and all his other pending motions.

One day after the Report and Recommendation issued, plaintiff filed an amended IFP application, and on the following day, the Clerk's Office issued plaintiff a receipt for payment of a partial initial filing fee. On March 27, 2006, plaintiff timely filed an objection to the Report and Recommendation. This matter is now before the Court on plaintiff's objection to the Magistrate Judge's Report and Recommendation. The Court conducted a *de novo* review of plaintiff's objection pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b).

Plaintiff is a prisoner, and therefore his IFP application is subject to the requirements set forth at 28 U.S.C. § 1915. Section 1915(a)(2) requires a prisoner to submit "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." Current certified trust account information is required so that the Court can correctly determine the initial partial filing fee that the prisoner will have to pay pursuant to section 1915(b)(1). The initial partial filing fee is 20 percent of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account for the 6-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

The Court concludes that plaintiff has made an effort to comply with the statutory requirements and the Magistrate Judge's order dated January 13, 2006. In his objection,

plaintiff explains that he had no money to pay the initial filing fee and that he understood that his ex-wife would pay it for him. Indeed, his ex-wife attached a note with the payment explaining that she forgot to send in the payment earlier.[1]

Although plaintiff's amended IFP application meets the statutory requirements, the initial partial filing fee is insufficient. Based on the certified trust account information, plaintiff must pay an initial partial filing fee in the amount of $21.12, which is 20 percent of his average monthly deposits of $105.58. Plaintiff has already paid $12.90, but he must pay the remainder of the fee, $8.22. Plaintiff will not be allowed to proceed in this action until the statutorily prescribed initial partial filing fee has been paid to the Clerk of Court.

**ORDER**

Based on the foregoing and all of the records and files herein, the Court **SUSTAINS in part** and **OVERRULES in part** the objections of plaintiff [Docket No. 16] and **ADOPTS in part** and **MODIFIES in part** the Magistrate Judge's Report and Recommendation [Docket No. 13]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Within 30 days of the date of this order, plaintiff shall pay the remaining $8.22 required for his initial partial filing fee.

2. If plaintiff fails to comply with this order within the time allowed, the Court will deny plaintiff's amended application to proceed without prepayment of fees [Docket

---

[1] Plaintiff gave no explanation as to why he failed to timely submit the amended IFP application, but the Court will overlook this shortcoming on this particular occasion.

- 4 -

No. 15], and his other motions [Docket Nos. 4, 6, 8-10], and dismiss this action without prejudice.

3.     The Court **DEFERS** judgment on plaintiff's amended application to proceed without prepayment of fees [Docket No. 15], and his other motions [Docket Nos. 4, 6, 8-10].

DATED:   June 5, 2006                                s/ John R. Tunheim   _
at Minneapolis, Minnesota.                           JOHN R. TUNHEIM
                                                     United States District Judge