UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joe H. Bandy-Bey, | Civil No. 06-173 (JRT/SRN) |
| **Plaintiff,** | |
| v. | **REPORT AND RECOMMENDATION** |
| Robert Feneis, Joseph Cosgrove, Jim Zawacki, Tim Gorr, Greg Smith, Beth Walker, Mr. Maddox, Captain Sass, Lieutenant Pentland, Jennifer Southwick, Denise Barger, Ralph Flesher, Douglas Olson, and Calvin Stenlund, | |
| **Defendants.** | |

Joe H. Bandy-Bey, pro se.

Mark B. Levinger, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101, for Defendants Robert Feneis, Joseph Cosgrove, Jim Zawacki, Tim Gorr, Greg Smith, Beth Walker, Mr. Maddox, Captain Sass, Lieutenant Pentland, Denise Barger, Ralph Flesher, Douglas Olson, and Calvin Stenlund.

Carolin J. Nearing, Geraghty O'Loughlin & Kenney, 386 North Wabasha Street, Suite 1400, St. Paul, MN 55102, for Defendant Jennifer Southwick.

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter comes before the undersigned United States Magistrate Judge on Defendant Jennifer Southwick's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 52) and Motion to Compel Authorizations for Release of Medical Records (Doc. No. 76). This case has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that the motion to dismiss be granted and the motion to compel be denied as moot.

**I.     BACKGROUND**

Plaintiff Joe H. Bandy-Bey is a prisoner at the Minnesota Correctional Facility in Moose Lake, Minnesota ("MCF-ML"). (Doc. No. 27; Second Am. Compl. ¶ 1.)  He is suing numerous prison officials under 42 U.S.C. § 1983 for alleged violations of his civil rights.  Essentially, Plaintiff alleges that he received inadequate medical treatment, that prison officials retaliated against him for exercising his First Amendment rights, and that he was fired wrongfully from his prison job. (Id. ¶¶ 17, 18, 45.) Particular to Defendant Southwick, the Second Amended Complaint[1] alleges only that she is one of Plaintiff's health care providers at MCF-ML and is responsible for implementing doctors' orders. (Id. ¶ 17.)  The Second Amended Complaint does not allege that Defendant Southwick was involved in the specific medical treatment or discipline at issue, or that she contributed in any way to the alleged violations of Plaintiff's rights.

Defendant Southwick now moves to dismiss Plaintiff's claims against her on the grounds that Plaintiff has not alleged facts sufficient to demonstrate that Defendant Southwick violated Plaintiff's civil rights.  Plaintiff did not respond to this motion.  Defendant Southwick separately moves to compel authorizations for Plaintiff's medical records, and Plaintiff opposes this motion in part.

**II.    DISCUSSION**

In considering a motion to dismiss brought under Rule 12(b)(6), the Court assumes all facts alleged in the Second Amended Complaint as true. Hishon v. 799 King & Spalding, 467 U.S. 69, 73 (1984).  All reasonable inferences from the Second Amended Complaint must be drawn in favor of the

---

[1] Due to the number of complaints and supplemental materials filed by Plaintiff, the Court takes care to emphasize that the operative pleading is Docket No. 27, filed on August 28, 2006.

nonmoving party. Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996). Dismissal is appropriate only if "it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief." Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). "Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1993) (citing Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)). The Second Amended Complaint must show a causal relationship between Defendant Southwick's conduct and the alleged constitutional deprivations. Latimore v. Widseth, 7 F.3d 709, 716 (8th Cir. 1993) (en banc). Otherwise, Defendant Southwick is entitled to dismissal. Gordon, 168 F.3d at 1113.

Here, the Second Amended Complaint does not allege that Defendant Southwick was involved in the disputes at issue or that she contributed to the alleged violations of Plaintiff's rights. The Second Amended Complaint does not even describe any medical treatment provided by Defendant Southwick to Plaintiff. Thus, Plaintiff has failed to plead a causal relationship between Defendant Southwick and his claims, and Defendant Southwick is entitled to dismissal from this action.

### III. CONCLUSION

Plaintiff's claims against Defendant Southwick should be dismissed because the Second Amended Complaint fails to show a causal relationship between this Defendant and the alleged constitutional violations. The dismissal of Defendant Southwick from this action will moot her motion to compel. Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY**

**RECOMMENDED** that:

1. Defendant Southwick's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. No. 52) be **GRANTED**;

2. Defendant Southwick be dismissed as a defendant in this action; and

3. Defendant Southwick's Motion to Compel Authorizations for Release of Medical Records (Doc. No. 76) be **DENIED AS MOOT**.


Dated: June 1, 2007

                                          s/ Susan Richard Nelson
                                          Susan Richard Nelson
                                          United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by June 15, 2007, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.