UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOE H. BANDY-BEY,<br><br>                           Plaintiff,<br><br>v.<br><br>ROBERT FENEIS, JOSEPH COSGROVE,<br>JIM ZAWACKI, TIM GORR,<br>GREG SMITH, BETH WALKER,<br>MR. MADDOX, CAPTAIN SASS,<br>LIEUTENANT PENTLAND,<br>JENEFER SOUTHWICK,<br>DENISE BARGER, RALPH FLESHER,<br>DOUGLAS OLSON, and<br>CALVIN STENLUND,<br><br>                           Defendants. | Civil No. 06-173 (JRT/SRN)<br><br><br><br>**ORDER** |

Joe H. Bandy-Bey, #125257, Minnesota Correctional Facility, 1000 Lakeshore Drive, Moose Lake, MN 55767, *pro se* plaintiff.

Mark B. Levinger, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101, for defendants Robert Feneis, Joseph Cosgrove, Jim Zawacki, Tim Gorr, Greg Smith, Beth Walker, Mr. Maddox, Captain Sass, Lieutenant Pentland, Denise Barger, Ralph Flesher, Douglas Olson, and Calvin Stenlund.

Carolin J. Nearing, **GERAGHTY, O'LOUGHLIN & KENNEY**, Alliance Bank Center, Suite 1100, 55 East Fifth Street, St. Paul, MN 55101, for defendant Jenefer Southwick.

Before the Court are plaintiff's objections to an Order and a Report and Recommendation issued by the Magistrate Judge on June 1, 2007. For the reasons

discussed below, the Court affirms in part and reverses in part the Order issued by the Magistrate Judge and rejects the Report and Recommendation.

**BACKGROUND**

*Pro se* plaintiff, Joe H. Bandy-Bey, filed this lawsuit against prison officials for alleged violations of his constitutional rights.  He claims that the medical treatment he received while incarcerated at the Minnesota Correctional Facility in Moose Lake, Minnesota ("MCF-ML") was constitutionally inadequate, that prison officials violated the First Amendment by retaliating against him for protected speech, and that the termination of his employment at the facility violated rights guaranteed him by the Constitution.

Bandy-Bey filed his initial complaint on January 10, 2006.  He filed a motion for appointment of counsel, a motion to amend his complaint, and a first amended complaint on January 24, 2006.  The Magistrate Judge permitted Bandy-Bey to file the first amended complaint but denied the motion for appointment of counsel.  The Magistrate Judge later permitted Bandy-Bey to file a second amended complaint, and Bandy-Bey filed his second amended complaint on August 28, 2006.

On November 14, 2006, the Magistrate Judge entered a scheduling order for the case, which required the parties to file all "motions which seek to amend the pleadings or add parties" on or before February 1, 2007.  Bandy-Bey filed a second request for appointment of counsel on December 13, 2006 and a third amended complaint on

January 31, 2007. The third amended complaint added additional defendants and set forth more specific allegations against some of the defendants already named in the case.

One of the defendants named in the original complaints, Jenefer Southwick, moved to dismiss the charges against her prior to the filing of the third amended complaint. Southwick, a physician's assistant at the MCF facility in Rush Lake, argued in a January 10, 2007 motion that the claims against her should be dismissed because there were no allegations in the second amended complaint that she contributed to the constitutional violations alleged.

Since the filing of the third amended complaint on January 31, 2007, defendants have made two additional motions. On February 28, 2007, all defendants moved to strike the third amended complaint because Bandy-Bey did not comply with the rule requiring plaintiffs to file motions seeking leave to amend prior to the filing deadline. Defendant Southwick filed a separate discovery motion to compel authorizations for release of medical records on April 25, 2007.

The Magistrate Judge issued an Order as well as a Report and Recommendation on June 1, 2007. In the Order the motion to strike was granted because Bandy-Bey did not file a motion seeking leave to amend prior to the deadline expiring and the motion to appoint counsel was denied based on the Magistrate Judge's finding that Bandy-Bey was capable of representing himself. In the Report and Recommendation the Magistrate Judge recommended granting defendant Southwick's motion to dismiss the claims against her and denying as moot Southwick's motion to compel authorizations for the release of Bandy-Bey's medical records.

## ANALYSIS

Bandy-Bey challenges both the findings in the June 1, 2007 Order as well as those in the Report and Recommendation issued that same day. The Court reviews the Magistrate Judge's Order granting the motion to strike the third amended complaint and denying the appointment of counsel for clear error or errors of law. *See* 28 U.S.C. § 636(b)(1)(A); Local Rule 72.2(a). The Court also reviews the Magistrate Judge's finding that Southwick's discovery motion should be denied for clear error or errors of law. 28 U.S.C. § 636(b)(1)(A); Local Rule 72.2(a). The decision to grant the motion to dismiss is reviewed *de novo*. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.2(b).

### I.   MOTION TO STRIKE

Bandy-Bey filed a third amended complaint in this case on January 31, 2007, one day before the deadline for filing motions for leave to amend expired. Defendants moved to strike the third amended complaint because Bandy-Bey had not obtained leave from the Court to file it prior to the filing deadline. The Magistrate Judge granted the motion to strike, rendering the second amended complaint the operable complaint for the rest of the motions.

Under Federal Rule of Civil Procedure 15(a), a plaintiff seeking to amend a complaint after a responsive pleading has been filed may do so "only by leave of court or by written consent of the adverse party." Leave to amend is then to be "freely given when justice so requires," Fed. R. Civ. P. 15(a), unless there is a good reason for denial of the request, such as "undue delay, bad faith, or dilatory motive, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840-41 (8th Cir. 2004) (internal citations and quotations omitted). Although "there is no absolute right to amend," *id.* at 841, a court should not ordinarily deny a motion for leave to amend absent a showing of prejudice to the nonmovant. *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998).

In this case the defendants do not argue that the third amended complaint would unduly prejudice them or that the delay was caused by bad faith but instead that the third amended complaint should not be permitted because Bandy-Bey did not file a motion seeking leave to amend before filing it. This is an explicit requirement of Rule 15, defendants argue, and the third amended complaint should be stricken as a result.

There is a preference for resolving claims "on their merits instead of on their pleadings," and a "formal motion to amend" is unnecessary where a plaintiff has shown "a willingness to amend the complaint." *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999); *see also Ferguson v. Cape Girardeau County*, 88 F.3d 647, 650-51 (8th Cir. 1996). Bandy-Bey did not file a formal motion for leave to amend, but he demonstrated a strong willingness to amend by filing the amended complaint with the Court. Given that the Court construes *pro se* pleadings with more flexibility than counseled pleadings, *see Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006), and that there is no assertion that the third amended complaint will subject defendants to unfair prejudice, the Court concludes that the Magistrate Judge committed clear error by

granting the motion to strike. The operable complaint for purposes of this lawsuit is the third amended complaint filed on January 31, 2007.

## II.  MOTION FOR APPOINTMENT OF COUNSEL

Bandy-Bey also asserts that he is entitled to appointment of counsel. The Magistrate Judge denied the request, concluding that Bandy-Bey has the threshold ability to understand the legal issues, articulate his claims, and argue his positions.

A court weighing whether to appoint counsel for a civil plaintiff is to consider the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986). A *pro se* litigant, however, has neither a constitutional nor statutory right to appointment of counsel in a civil case. *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). The Magistrate Judge determined based on Bandy-Bey's submissions that he understood the legal process and the nature of the claims asserted in his case. There is no indication that Bandy-Bey lacks the capacity to present his positions to the Court, and there is no basis on which to reject the conclusion of the Magistrate Judge that appointment of counsel is not appropriate in this case. The Court therefore denies the motion for appointment of counsel.

## III.  MOTIONS FILED BY DEFENDANT SOUTHWICK

Southwick moved for dismissal of the claims against her as they were stated in the second amended complaint because Bandy-Bey failed to state a claim against her in that complaint. In the alternative she moved to compel authorizations for the release of

Bandy-Bey's medical records.  The Magistrate Judge recommended granting the motion to dismiss and ordered that the motion to compel be denied as moot, but both of these findings were based on the premise that the operable complaint for those motions was the second amended complaint.  Given that Southwick did not move to dismiss the third amended complaint and that the third amended complaint contains more detailed accusations against her, the Court denies the motion to dismiss as moot.  The Court also rejects that part of the Report and Recommendation denying Southwick's discovery motion as moot.  The disposition of that motion is properly referred back to the Magistrate Judge for an initial determination in accordance with Local Rule 72.1.

### ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Magistrate Judge's Order dated June 1, 2007  [Docket No. 83] is **AFFIRMED in part** and **REVERSED** in part as follows:

    a. Defendants' motion to strike the third amended complaint [Docket No. 70] is **DENIED**.

    b. Plaintiff's motion for appointment of counsel [Docket No. 46] is **DENIED**.

2. The Court **SUSTAINS** plaintiff's objections [Docket No. 87] and **REJECTS** the Magistrate Judge's Report and Recommendation dated June 1, 2007 [Docket No. 84].

- 8 -

3. Defendant Southwick's motion to dismiss pursuant to rule 12(b)(6) for plaintiff's failure to state a claim upon which relief may be granted [Docket No. 52] is **DENIED**.

4. Defendant Southwick's motion to compel authorizations for release of medical records [Docket No. 76] is referred back to the Magistrate Judge for an initial determination in accordance with Local Rule 72.1.

**IT IS FURTHER ORDERED** that the operable complaint in this lawsuit is the third amended complaint [Docket No. 62] filed by plaintiff on January 31, 2007.


DATED:   August 31, 2007          s/ John R. Tunheim             _
at Minneapolis, Minnesota.              JOHN R. TUNHEIM
                                        United States District Judge